ALFRED E. DRISCOLL, RELATOR, v. MEYER L. SAKIN, DEFENDANT.

Argued October 4, 1938—Decided October 18, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the relator, *Louis B. LeDuc.*

*Meyer L. Sakin, pro se.*

BODINE, J. This is a proceeding under section 1 of the *Quo Warranto* act. The relator is a citizen and taxpayer of Camden County. The defendant, Meyer L. Sakin, under commission from the governor holds the office of one of the Republican members of the Camden county board of election. The provisions of law applicable are as follows: *Rev. Stat.* 19:6-17. The county board shall consist of four persons, who shall be legal voters of the counties for which they are respectively appointed. Two members of such county board shall be members of the political party which at the last preceding general election cast the largest number of votes in this state for members of the general assembly, and the remaining two members of such board shall be members of the political party which at such election cast the next largest number of votes in the state for members of the general assembly. * * * 19:6-18. The chairman of the state committee of each of such two political parties shall during the month of February in each year, in writing, nominate one person residing in each county, duly qualified, for member of the county board in and for such county. If nomination be made in that month the governor shall commission such appointees, who shall be members of opposite parties, on or before the first day of March. Such appointees shall continue in office for two years from the first day of March next after their appointment. * * * 19:6-19. If a vacancy arises in any county board from any cause other than expiration of the term the governor shall be forthwith notified, notice of the vacancy to be given to the chairman of the state committee, and such chairman shall, not later than ten days thereafter, nominate a successor, who shall thereupon be commissioned by the governor. All appointments to fill vacancies shall be for the unexpired term only. 19:6-20. If the state chairman shall fail to send in writing to the governor nominations for appointments within the time specified, the governor shall make such appointments of his own selection from the citizens of the county in which such failure occurs."

The statute contemplates a selection of members of the county board of election by the state chairman of the two most powerful political parties. The Republican state chairman on February 23d, 1938, designated, according to the terms of the statute, George H. Walton to hold the office for which the defendant now holds the commission.

The question to be determined is Sakin's title to the office, he not having the nomination of the state chairman of his party.

This court may not compel the execution of any duty imposed by the constitution. The *State* v. *The Governor,* 25 *N. J. L.* 349. Under the Revision of 1846, *tit. "Elections," p.* 433, § 81, the governor was required to commission certain officers in accordance with the certification of their election by the county board of canvassers. The issuance of such commission is an executive act. *The State* v. *The Governor, supra.*

Under the constitution of July 2d, 1776, and the present instrument adopted 1844, the power of appointment was distributed among the executive, judicial and legislative branches of the government. *Ross* v. *Freeholders of Essex,* 69 *N. J. L.* 298. It was said in that case that, "article 7, section 2, paragraph 9 provides that 'all other officers, whose appointments are not otherwise provided for by law, shall be nominated by the governor and appointed by him with the advice and consent of the senate.' This is an unmistakable recognition of the authority of the law-making department to provide for the appointment of all officers whose appointment is not definitely regulated by the constitution itself." Hence, the legislature provided that county park commissioners and jury commissioners could be appointed by justices of the Supreme Court.

The present incumbent was not appointed by and with the advice of the senate. Article VII, section 9. Nor was he appointed pursuant to the constitution. The act creating the office provides for the nomination by the state chairman of

the two most powerful political parties of two of the members of the board. To insure a democratic form of government, it is necessary that there be at least two strong political parties holding different views upon political questions. Only as a result of public discussion can a wise policy be adopted. To insure honest elections it is essential that the county board be made up at least by the choice of both powerful political parties. The executive committees of political parties in this country act in matters of high public interest, and so great is their power that they are subject to constitutional restraint and hence may not act as local organizations may. *Nixon* v. *Condon*, 286 *U. S.* 73.

Attorneys and counselors-at-law are, at the request of the Supreme Court, commissioned by the governor and such has been the case since earliest times. No one would suppose that an individual not selected by the court would be commissioned, or that a commission would be refused to a candidate approved by the court. The vice-chancellors are selected by the chancellor and are commissioned by the governor.

The State Board of Agriculture is made up of members chosen pursuant to the statute by delegates to a convention and are commissioned by the governor. *Rev. Stat.* 4:1-5 to 8. National Guard officers are elected in accordance with the statutes and are commissioned by the governor. This statute is pursuant to the mandate of article 7 of the State Constitution. 38:3-16. So also Naval Militia are selected pursuant to statute, 38:4-12; and New Jersey Guard, 38:5-5.

It, therefore, seems settled that where the constitution of this state is silent the legislature may determine the manner in which a public official may be named, and may delegate the selection to others and that the executive may be clothed with no discretion in the issuance of the commission. Nor do we see any encroachment upon the authority of the executive. The executive never had a constitutional power to appoint members of county boards of election. The county boards were created by the legislature which provided in plain words

the manner of their selection. This court, in declaring the defendant to have been commissioned not in accordance with the mandates of the legislature, is not in any sense supervising or interfering with the transaction.

Chief Justice Beasley said in *State, ex rel. Wertz* v. *Rogers,* 56 *N. J. L.* 480 (at *p.* 606) : "All that is asserted is that when the inquiry is whether the legislature or any other body or officer has violated the regulations of the constitution, it is entirely plain that the decision of that subject must rest exclusively with the judicial department of the government."

A judgment of ouster will be entered.